IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENYA HARPER, | ) | |
| | ) | |
| v. | ) | 2:22-cv-00836 |
| | ) | |
| TERRELL ROBERSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER GRANTING MOTION FOR RECONSIDERATION AND AUTHORIZING THE FILING OF A SECOND AMENDED COMPLAINT**

Pending before the Court is a Motion on behalf of the Plaintiff Kenya Harper seeking reconsideration of the Court's Memorandum Order (ECF No. 34) granting Defendants' Motion to Dismiss the First Amended Complaint (ECF No. 24) without prejudice and with leave to amend. Plaintiff seeks this relief on the basis that the Court's decision to grant the Motion to Dismiss (with leave to amend) as to Plaintiff's deliberate indifference claim against Defendant Roberson on qualified immunity grounds was a clear error of law. For the reasons which follow, the Motion for Reconsideration is GRANTED.

District courts possess discretion to reconsider interlocutory orders under Fed. R. Civ. P. 54(b). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: 1) an intervening change in the controlling law; 2) the availability of new evidence that was not available when the court granted the motion; or 3) the need to correct

a clear error of law or fact or to prevent manifest injustice. Fed. R. Civ. P. 59(e); *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

By way of background, this action has been referred to Magistrate Judge Maureen P. Kelly for the conduct of pretrial proceedings and the entry of necessary recommendations. All Defendants moved to dismiss this action, ECF Nos. 24, 25, including on qualified immunity grounds, ECF No. 25 at 13. The Plaintiff opposed that Motion, contending that because qualified immunity is an affirmative defense, it cannot be invoked at the motion to dismiss stage unless all the facts necessary to resolve it appeared on the face of the complaint. ECF No. 28 at 7-8.

Thereafter, Judge Kelly issued a Report and Recommendation, ECF No. 32, which did not address qualified immunity as to Defendant Mavroides, and declined to apply the doctrine at the motion to dismiss stage as to Roberson. *Id* at 10. The Report and Recommendation recommended that the claims against Mavroides be dismissed but without prejudice and with leave to amend for failure to state a claim, and the claims as to Roberson were recommended to proceed further in this action.

In addressing the Defendants' Objections to the Report and Recommendation, ECF No. 33, this Court adopted the Report and Recommendation as to its conclusions that, with respect to Mavroides, the Plaintiff would be provided with the opportunity to amend once again in an effort to state a deliberate indifference claim as to that Defendant. As to Roberson, this Court concluded that the Plaintiff's claims should be dismissed, but without prejudice and with leave to amend so as to allow Plaintiff to replead her Complaint and set forth a sufficient showing that the right allegedly violated by Roberson was "clearly established" such that qualified immunity would not apply. ECF No. 34 at 4. This Court declined to conclude that qualified immunity should not be addressed at the motion to dismiss stage. *See Pearson v. Callahan*, 555 U.S. 223, 231-32 (2009)

(qualified immunity seeks to insure that insubstantial damage claims against an individual defendant are resolved prior to discovery, and at the earliest possible stage in litigation). Instead, the Court directed that the Plaintiff be permitted to amend to plausibly show both the clear establishment of the right the Plaintiff contends was violated by Roberson, in addition to its asserted infringement. ECF No. 34 at 3-4.

Plaintiff alleges, as grounds for her pending Motion for Reconsideration, that the Court committed a clear error of law when it granted Defendants' Motion to Dismiss as to Defendant Roberson on qualified immunity grounds. Specifically, Plaintiff argues, for the first time in her reconsideration motion, that "Third Circuit precedent procedurally compels the rejection of qualified immunity under the law of this case." ECF No. 36, p. 2. Correctly, Plaintiff refers to the Court's determination in its initial Memorandum Order that it would adopt the conclusion of the Magistrate Judge's Report and Recommendation that the First Amended Complaint "sufficiently shows by plausible factual allegations that Roberson was deliberately indifferent to serious medical needs of the Plaintiff." ECF No. 34, p. 2. Thus, says the Plaintiff, as to that claim against that Defendant, qualified immunity would be inapplicable in considering the Defendants' Motion to Dismiss under prevailing Circuit law. In response, Defendant argues that this showing—a "showing" of pleaded facts that this Court has found sufficient to survive dismissal—is inadequate in and of itself to bar the application of the qualified immunity doctrine as to Defendant Roberson's alleged actions. ECF No. 38, p. 2.

Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The reasonableness of an official's

behavior is "measured by an objective standard." *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 726 (3d Cir. 1989). By contrast, in the specific circumstances in which a plaintiff asserts a claim of deliberate indifference to serious medical needs against a corrections officer, our Court of Appeals has also held that the relevant test is essentially a subjective one. An Eighth Amendment claim against a prison official must meet two requirements: 1) "the deprivation alleged must be, objectively, sufficiently serious;" and 2) the "prison official must have a sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "[T]hat state of mind is one of deliberate indifference to inmate health or safety." *Id.* (internal quotations omitted). Deliberate indifference is "a subjective standard under *Farmer* – the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001).

Most importantly for the purposes of Plaintiff's current Motion, because under the Circuit precedent cited by Plaintiff, a showing of deliberate indifference inherently requires a parallel showing of actual knowledge or awareness on the part of the defendant, "a defendant cannot have qualified immunity if she was deliberately indifferent; a reasonable [prison official] could not believe that her actions comported with clearly established law while also believing that there is an excessive risk to the plaintiff[] and failing to adequately respond to that risk." *Id.* at 142 n. 15. "Conduct that is deliberately indifferent to an excessive risk… cannot be objectively reasonable conduct." *Id. See also Carter v. City of Philadelphia*, 181 F.3d 339, 356 (3d Cir. 1999) (holding that, if the plaintiff succeeds in establishing that the defendants acted with deliberate indifference to constitutional rights, then *a fortiori* the defendants' conduct was not objectively reasonable, and hence the defense of qualified immunity would not be available to the defendants); *Meyers v. Majkic*, 189 F. App'x 142, 144 (3d Cir. 2006) (finding that a plaintiff had raised a genuine issue

4

of material fact as to whether a corrections officer was deliberately indifferent to her medical needs and, as such, that the defendant had not carried his burden to establish his entitlement to qualified immunity).

This Court has already concluded that Ms. Harper has made a sufficient showing of plausible factual allegations demonstrating deliberate indifference on the part of Defendant Roberson to her (Plaintiff's) serious medical needs. ECF No. 34, p. 2. As a result, under Third Circuit precedent, the doctrine of qualified immunity definitionally would not bar her claims of deliberate indifference at this procedural stage. If, after the process of fact discovery, information is disclosed such that Defendant believes there to be suitable grounds to contest Plaintiff's assertions of such deliberate indifference by Roberson, Defendant would be positioned to file a Motion for Summary Judgment on that or other issues (including qualified immunity) at that time. For now, however, Plaintiff has made a sufficient plausible showing of asserted facts such that qualified immunity would not be grounds for the dismissal of Plaintiff's claim against Defendant Roberson at the Motion to Dismiss stage where the case now sits.

The Motion for Reconsideration (ECF No. 35) is GRANTED as to the argument that the Court's decision to grant the Motion to Dismiss (ECF No. 24) as to Defendant Roberson on qualified immunity grounds was a clear error of law. As to Defendant Mavroides, the Court's ruling stands in that Plaintiff so far has failed to "show" a sufficient factual basis in her First Amended Complaint to successfully plead deliberate indifference by that Defendant to a serious medical need of the Plaintiff. Because the Court has granted Plaintiff's Motion for Reconsideration, Plaintiff, should she choose to do so, may file any Second Amended Complaint as to her claims against Defendant Mavroides within twenty-one (21) days of the date of this Memorandum Order. Should Plaintiff not file a timely Second Amended Complaint, then the

Court's previous Order of dismissal of that claim against Defendant Mavroides will be converted to a dismissal of that claim with prejudice without further notice or Order.

        s/ Mark R. Hornak
        Mark R. Hornak
        Chief United States District Judge

Dated:  September 1, 2023
cc:    All counsel of record